## SMITH v. SQUIER, Warden.
### No. 10304.

Circuit Court of Appeals, Ninth Circuit.
June 10, 1943.

George Wilbur Smith, in pro. per.

J. Charles Dennis, U. S. Atty., and Harry Sager, Asst. U. S. Atty., both of Tacoma, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying and dismissing a petition for a writ of habeas corpus and for discharge on the hearing of the writ's return. Appellant contends here that he was prevented from having a fair trial by alleged misconduct of the prosecution under an indictment charging appellant, a quarter-bred American Indian ward of the United States, with rape of an Indian child, also a ward of the United States, both under charge of the Superintendent of the Blackfeet Indian Reservation in Montana, the rape occurring on the Reservation. Section 548, Title 18, United States Code, 18 U.S.C.A. § 548.

Appellant's petition below alleged that the Assistant United States Attorney, in conducting the prosecution, failed to subpoena and caused to be removed from jail to a road camp one Charles Buckley, previously convicted on a charge of having given intoxicating liquor to the child; that Buckley would have been a witness favorable to appellant and that by the acts of the prosecution there was a suppression of evidence favorable to him.

On the hearing in the habeas corpus proceeding, the United States Attorney testified that Buckley was not a witness favorable to appellant but, on the contrary, would have been a witness sustaining the Government's contention; that a subpoena was issued by the Government to produce Buckley as its witness; that it was not served because there was abundant other testimony and that no request to produce Buckley had been made on him by appellant or his counsel. Appellant's contrary testimony was not corroborated by his counsel or otherwise. The district judge believed the United States Attorney and found against appellant. We affirm his order.

Order affirmed.