SUMMERS, Justice.
 

 By a bill of information Wilbert Dickson and one Herbert Walton were jointly charged in four counts with the sale, possession, transportation and delivery of narcotic drugs (three capsules of Heroin) contrary to R.S. 40:962.
 

 Walton pleaded guilty and was sentenced. Thereafter Dickson was tried, convicted on all counts and sentenced; his appeal is before us.
 

 Prior to trial defense counsel filed a prayer for oyer in which he sought to view and copy all confessions, statements and ad
 
 *503
 
 missions, both written and oral, pertaining to the charge against defendant in the possession to the district attorney and the police of Orleans Parish. The prayer sought any evidence in typewritten form, on tape recordings, in moving pictures or otherwise recorded by electronic devices. It was further set forth that defendant was entitled to be informed by the district attorney and the police whether or not the confessions, statements or admissions in their possession would be used at the trial.
 

 The State’s answer represents that it was not in possession of any written or recorded confessions which it intended to use at the trial, and, therefore, was not required to furnish anything in response to the prayer for oyer. The State’s position in argument is that the motion pictures and recording in its possession were not a reenactment of the crime nor oral admissions of guilt obtained by the police from the accused after he was taken into custody, but instead were made by the police while the accused was in the act of committing the crime. Under the law and the circumstances, it argues, these motion pictures and recording were direct evidence of the commission of the crime and the accused was not entitled to a pretrial examination of them.
 

 The trial court agreed with this latter contention and denied the prayer for oyer, whereupon defendant reserved a bill of exceptions to the ruling. The ruling of the trial court was correct.
 

 All evidence relating to a pending criminal trial which is in the possession of the district attorney or the police is privileged; and it is not subject to pretrial inspection by the accused, an exception to this rule being written confessions of the accused. R.S. 44:3; State v. Pailet, 246 La. 483, 165 So.2d 294 (1964); State v. Dorsey, 207 La. 928, 22 So.2d 273 (1945); 6 Wigmore on Evidence (3d ed. 1940) § 1859g.
 

 Another point, and, we might add, the principal contention of the accused, will be taken up without determining the propriety of the procedure whereby this issue has been brought to our attention.
 

 During the trial defendant took the stand to explain his presence at the scene when the sale of the narcotics took place. He also produced other witnesses to corroborate his version of the occurrence. Thereafter on rebuttal the State offered, for the first time, motion pictures alleged to have been made at the time the offense was stated to have occurred. These were received in evidence. It did not, however, offer the sound recording made in conjunction with these motion pictures, but instead produced as witnesses police officers who made the recording. The police officers (we are informed in briefs) testified that the recording was not usable as evidence because it was wholly unintelligible. The inference we draw from these events is that the State introduced this testimony to explain the nonproduction of the recording and
 
 *505
 
 thereby deny to the accused the presumption the law would ordinarily accord to him, that is, the evidence was unfavorable to the State because it was in its possession and available to it but not used. Defense counsel made no objection to the omission at that time.
 

 In this court, for the first time, defendant takes the position that the State’s failure to produce the auditory evidence along with the showing of the motion pictures, when it was available and could be expected to be produced, gives rise to a presumption (based upon a natural inference) that the evidence held back under such circumstances would favor defendant’s cause. From this it may be concluded, he contends, that the auditory evidence, if produced, would have corroborated the explanation of defendant’s presence at the scene of the crime. The failure to produce this recording therefore constitutes a deliberate suppression of evidence favorable to the ■ accused, amounting to a denial of due process of law guaranteed by the Federal Constitution. In support of his contention he relies upon Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942) and United States v. Rutkin, 212 F.2d 641 (3d Cir. 1954).
 

 In Pyle v. State of Kansas the Supreme Court of the United States said “perjured testimony knowingly used by the State authorities to obtain (a) conviction, and * * the deliberate suppression by those same authorities of evidence favorable to (a defendant) * * * sufficiently charge a deprivation of rights guaranteed by the Federal Constitution * * There evidence was alleged to have been “repressed under threat and coercion by the State * * Such an allegation was held to sufficiently charge a deprivation of constitutional rights.
 

 In United States v. Rutkin the suppression complained of involved a statement obtained by the United States attorney, unknown to the accused or his counsel, which contradicted the testimony of a witness for the government, whose testimony in turn was mainly responsible for the conviction of the accused. In that case defense counsel had no access to the favorable statement or the witness who gave it. A deprivation of due process was found to have been adequately set forth, based upon allegations that the United States attorney failed to produce that evidence.
 

 These cases do not support defendant’s position in the case at bar. The “suppression” referred to in the rule announced in those cases, and others reviewed, contemplates a knowing and deliberate concealment from the accused and the court of the fact that evidence favorable to the accused exists, thereby denying him access to the favorable evidence at his trial. Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Mooney v. Holohan, 294 U.S. 103 (1935); United States ex rel. Butler v. Maroney, 319 F.2d
 
 *507
 
 622 (3d Cir. 1963); U. S. ex rel. Almeida v. Baldi, 195 F.2d 815, 33 A.L.R.2d 1407 (3d Cir. 1952); White Thunder v. Hunter, 149 F.2d 578 (10th Cir. 1945); Smith v. Squier, 136 F.2d 536 (9th Cir. 1943); Soulia v. O’Brien, 94 F.Supp. 764 (D.Mass.1950); Ex parte Horowitz, 33 Cal.2d 534, 203 P.2d 513 (1949); 74 Yale L.J. 136 (1964).
 

 Under the foregoing concept of the rule there could be no suppression in the case at bar, for here the defendant was aware of the existence of the auditory evidence at all times, even prior to trial. Although this evidence was not available to the accused prior to trial, it was available during the trial when the State disclosed the existence of the auditory evidence and produced witnesses who testified that the recording was unintelligible. In other words the State could not be suppressing the evidence when it admitted its existence and disclosed where it was, but took the position it was not being used because it was unintelligible. Defense counsel (we understand from briefs) made no effort to cross-examine the State’s witnesses who testified that the recording was unintelligible, nor did he otherwise seek to repudiate the testimony that the recording was not being produced because it was unintelligible. And more important, if the accused believed that the recording was intelligible and was being kept out of evidence by the prosecuting attorney because it was favorable to the accused, he should have, and could have, asked the trial court to issue an instanter subpoena ordering its production in court at the time when the police officer testified that it was unintelligible. He made no such request.
 

 Instead of being a complaint that evidence was suppressed we think that defendant’s contention is in reality a complaint that the recording should have been introduced by the State and not by the defendant. But such a position would likewise be without foundation. If the State did not suppress the evidence (and there is no showing to this effect), and the defendant had knowledge of its existence and could have obtained its production, the State could not’ be compelled to introduce that evidence to make out a case for defendant. All the district attorney is required to do under the law is to introduce the evidence relied upon for conviction — he need not introduce evidence relied upon by the defendant for an acquittal. La.Code Crim.Proc. art. 333.
 

 Although two other bills of exceptions were reserved during the trial, they have not been referred to in brief or argument here. The record as made up discloses them to be without merit.
 

 The conviction and sentence are affirmed.
 

 McCALEB, J., concurs in the decree.