439 P.2d 729

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert VIGIL, Defendant-Appellant.**

**No. 97.**

Court of Appeals of New Mexico.

March 29, 1968.

Robert J. Seller, Alamogordo, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

Defendant was convicted upon charges of unlawful possession and sale of narcotics from which he has appealed. It is first contended that the state did not preserve and present in evidence certain objects which the state obtained in a search of defendant's home and which were material to the defense. It is further contended that "the fundamental rights of the defendant were violated by the state in that defendant was

subjected to entrapment, illegal search, self-incrimination and threats and that the evidence adduced by the state was insufficient to support a conviction."

For the reasons hereinafter stated the conviction, in our opinion, should be affirmed.

The evidence presented and germane to the issues shows that a state police narcotics officer and a confidential informer were engaged in the investigation of illegal narcotics traffic in a particular area. It appears that the officer and informer encountered defendant on a public street in that area. A conversation followed between the three, the essence of which is in dispute. The officer and informer maintain that defendant offered to supply them with heroin. The defendant contends that the officer and informer had asked him for something to relieve a hangover and that no mention was made of heroin or any other narcotic drug.

Following the conversation the parties met at an agreed time at defendant's residence. Defendant then handed the informer a small quantity of white powder wrapped in a paper. The conversation between the parties which then occurred is likewise in dispute, the officer and informer contending that defendant, upon delivery of the powder to them, stated that it was real good heroin and that there was enough for three or four injections. Defendant contends that he did not state the nature of the powder but he said that it came from capsules contained in a vial which he had found at Holloman Airforce Base during the course of his employment there. The powder was determined by laboratory test to be morphine, a derivative of opium.

It further appears that following defendant's arrest a deputy sheriff obtained a search warrant for a search of defendant's home. The deputy executed the warrant by entering and searching defendant's home, at the time being accompanied by defendant. During the search defendant gave the deputy two small vials containing capsules and pills. According to the testimony of the deputy the vials were similar to ones commonly dispensed by drugstores and contained names indicating a hospital or pharmacy at Holloman Airforce Base together with names possibly of patients or others to whom the contents had been issued. It appears that the containers were kept in the custody of the sheriff's office for a few days then delivered to State Police Officer James Sedillo.

A state police officer, Sosa, testified that he was in charge of the evidence which had been gathered at the time and that he had seen a written report stating that certain bottles of pills were seized by virtue of the search warrant but he had never seen the items and did not know how he had missed them. A witness called on behalf of defendant testified that he was a supervisor at Holloman Airforce Base and that at a particular time while working at the base he and defendant, who at the time was employed there, found two bottles containing what appeared to be medication in certain discarded household goods. He further said that the labels indicated that the pills and capsules were for pain and he had asked defendant to save them for him so that he might use them if he needed medication for pain.

It does not appear that the state offered the vials in evidence or that it tendered them to defendant's counsel, nor is there any showing as to the location of the vials at the time of trial. Upon this record the defendant argues that the state suppressed the evidence, depriving him of the right to present it in corroboration of his testimony, with the result that he was denied due process. To support his position he cites Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Trimble v. State, 75 N.M. 183, 402 P.2d 162 (1965). Each of these cases treats the suppression by the prosecution of material evidence favorable to and *requested* by the accused as a denial of due process of law.

■ It cannot reasonably be said, in our opinion, that evidence of the character involved here is suppressed or withheld by the prosecution, if the defendant knowing it to

have been in the possession of the prosecution fails to demand its production. State v. Dickson, 248 La. 500, 180 So.2d 403 (1965); Duffin v. Warden of Maryland Penitentiary, 224 Md. 645, 167 A.2d 601 (1961); Hyde v. Warden of Maryland Penitentiary, 235 Md. 641, 202 A.2d 382 (1964); see Dyson v. Warden of Maryland Penitentiary, 233 Md. 630, 196 A.2d 455 (1964). Defendant, better than anyone else, knew whether offering the vials in evidence would aid his defense, yet he made no demand for their production.

To excuse such failure defendant argues "What would this [demand] have availed the defendant when it is a matter of uncontradicted testimony in this record that at the time of trial the prosecution had no idea of the whereabouts or disposition of the physical evidence." In our opinion the record does not support this statement. The only testimony upon which the statement could be based is that of the deputy sheriff and Officer Sosa. As we have pointed out, the deputy sheriff during a search of defendant's home obtained the two vials and delivered them to Officer James Sedillo of the state police. Officer Sosa, also of the state police, testified that he was in charge of taking possession of all evidence found during the day. The witness presumably meant the day the search warrant was executed.

In answer to questions relating to the vials Officer Sosa stated:

"Q   Now, do you know who took those or who procured those items? (the vials).

A   As the Officer Sedillo's—this is James Sedillo, another State Officer. His report indicated 'that he had picked up the evidence from, from the sheriff. However, was not going to introduce any in evidence because of the time lapse.

Q   Well, did you ever see this evidence or these items that Officer James Sedillo had picked up here in Alamogordo?

A   No, sir. Officer James Sedillo is stationed in Roswell and I didn't get to see him. The evidence, usually whatever he seizes or obtains he keeps in his safe in Roswell."

■   It does not follow, in our opinion, that because Officer Sosa had not seen the vials, that a demand for production upon the prosecution would have been unavailing. We see no fundamental unfairness in the trial which constitutes a denial of due process.

■   It is finally contended by defendant that his fundamental rights were violated by the state in that he was subjected to entrapment, illegal search, self-incrimination and threats, and that the evidence adduced by the state was insufficient to support a conviction. No factual basis is stated for any of these conclusions. A mere conclusion is not a sufficient basis for relief. State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967).

It follows from what has been said that the judgment of conviction must stand affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.