443 P.2d 517

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Kenneth CARROTHERS, Defendant-Appellant.**

**No. 169.**

Court of Appeals of New Mexico.

June 28, 1968.

mobile on that night which fitted a description of the automobile in question. All four identified him as the person who came to the respective service stations where they were working that night. He tried to sell tools to three of them and a radio to the fourth. These tools and radio were subsequently recovered and identified by the owner of the automobile as belonging to him and as having been taken from his garage the night the automobile was taken.

All four of these witnesses were shown a picture or pictures of defendant by an F.B.I. agent shortly after the commission of the crimes. No claim is here made that the procedures followed in showing these pictures, or that the identifications made of defendant from these pictures, were violative of defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States. In fact, he expressly denies this to be the nature of his claim of error. Thus, we are not concerned with any question of the applicability of the rule or principle concerning initial identification by photograph as announced in the case of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

The offenses with which defendant was charged were committed on about February 10, 1966. Defendant was not arrested until some time during the summer of 1967. Counsel was appointed for him on August 7, 1967. Thereafter, he was given a preliminary hearing in a justice of the peace court on October 4, 1967. Shortly before this preliminary hearing the assistant district attorney showed the witnesses Rudolph and Laws a mug shot of defendant. Defendant's counsel was unaware of these showings until they were developed on cross-examination at the preliminary hearing.

At trial defendant's counsel promptly raised the question of admissibility of any in-court identifications by these four witnesses. The court then conducted a hearing at length outside the presence of the jury, and these four witnesses, as well as

A. M. Swarthout, Heidel, Swarthout & Samberson, Lovington, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant was convicted of burglary and of unlawfully taking a motor vehicle without the consent of the owner.

The sole contention on this appeal is that the trial court erred in admitting, over defendant's objection, the in-court identifications of defendant by witnesses Rudolph and Laws.

Defendant was identified by four witnesses, including Rudolph and Laws, all of whom were service station attendants at different stations on the night the offenses were committed. Three of them identified defendant as driving an auto-

others, were questioned by counsel for the State, counsel for the defendant, and by the court. The court ruled the evidence admissible and proceeded with the trial.

As above stated, only the in-court identifications subsequently made by Rudolph and Laws are here in question. The court's actions in admitting these identifications is claimed to be error on the grounds: (1) that the showing of the mug shot to the witnesses by the assistant district attorney, after defendant had been charged and counsel appointed to defend him, constituted a violation of defendant's Sixth Amendment right to counsel; and (2) that in the voir dire proceedings held in the absence of the jury the State failed to prove by clear and convincing evidence that the courtroom identifications were not the fruits of the earlier identifications from the mug shot.

■ The right to counsel guaranteed by the Sixth Amendment to the United States Constitution is made obligatory upon the states through the Fourteenth Amendment. Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963).

Defendant relies entirely upon the rationale of the decisions in Gilbert v. State of California, supra, and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). These cases both involved lineup identifications made in the absence of counsel but after counsel was appointed. Neither involved the precise question of identification from photographs which is here presented.

■ However, assuming the applicability of the rationale of the Gilbert and Wade cases, and that all pre-trial identification of a suspect in custody, whether in person or by photograph, after counsel has been appointed or employed, is tainted unless counsel be present, we are of the opinion that the requirements for the removal of this taint, as announced in those cases, were met in the present case. Admissibility under the Gilbert and Wade decisions is dependent upon: (1) a determination that the in-court identifications are not tainted by the illegal pre-trial identification procedures, but are based upon observations of the defendant other than those made at the illegal proceedings; and (2) this determination must be established by clear and convincing evidence.

Here, as already stated, the trial court conducted a lengthy inquiry into the matter in the absence of the jury. The fact that out-of-court identifications by the witnesses had been made from photographs never came to the attention of the jury.

In the voir dire inquiry made of him, Rudolph testified that defendant got out of the automobile, and that they negotiated for the sale and purchase of the tools. In answer to the following question put to him by defendant's counsel he answered:

"Q. You are saying you definitely recognize this person on the basis of what you saw that evening [the night the witness purchased the tools from defendant] and not on the basis of any picture that you were shown later, is that your testimony?

"A. Yes, sir."

Also, in answer to an inquiry by the court, he stated he could identify defendant had he not seen a picture.

■ We find that this testimony, when considered with his other testimony developed on voir dire examination, clearly and convincingly establishes that the in-court identification had its origin in the events which occurred at the service station on the night of the commission of the offenses. This is corroborated by his subsequent positive identification of defendant in his testimony before the jury, which was supported by a description of his recollections of the automobile, of the clothing defendant was wearing, and of some of defendant's physical features.

In the voir dire inquiry made of him, Laws testified he did not really know defendant before the night when he bought the radio, but that he had seen defendant around prior to that and had talked with him; that he knew the automobile defendant was driving, because he had been thinking about buying it from the owner; that the defendant waited around the service station while he, Laws, fixed a flat tire; that he could identify defendant as the one who sold him the radio, even had he not been shown any photographs; and that the photographs he had seen had nothing to do with his identification of defendant.

In our opinion, this constitutes clear and convincing evidence that the in-court identification was free of any taint of suggestion from his being shown the photograph. His subsequent testimony before the jury further supports our opinion.

We hold that defendant's position is without merit and the judgment entered on the verdicts should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.