506 P.2d 1215

STATE of New Mexico, Plaintiff-Appellee,

v.

Michael Steven PURK, Defendant-Appellant.

No. 1006.

Court of Appeals of New Mexico.

Feb. 9, 1973.

Richard C. Losh, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of armed robbery (§ 40A–16–2, N.M.S.A.1953 (2nd Repl.Vol.1972)) defendant appeals. Defendant asserts the denial of a pretrial determination on admissibility of an out-of-court identification by

the trial court was error. We disagree and affirm.

Mr. Findley, a University of New Mexico student, was hitchhiking home after class. He was picked up by three males and a female. Instead of going in the direction of Findley's destination, they proceeded in a different direction. Subsequently, the car was stopped and by threat with a knife defendant and another took approximately $24.00 cash from Findley's wallet. Findley then broke away and "called the police right away." Later Findley identified defendant from police photographs. No lineup was conducted.

Defendant claims that the trial court: (1) refused to allow a pretrial examination of the photographs used by Findley to identify defendant prior to arrest; and, (2) refused to determine the admissibility of Findley's testimony on the out-of-court identification.

Defendant's first point is without merit. The record discloses the pictures were available to defendant. The record does not disclose whether he asked for them. Compare State v. Snow, 84 N.M. 399, 503 P.2d 1177 (Ct.App.1972).

When Findley was asked to make an in-court identification of defendant, defendant's counsel objected on the grounds that he should first be permitted to voir dire the witness to establish whether the witness' out-of-court identification was proper. Defendant based this argument on the fact that it was approximately 17 days from the time of the incident until the witness identified a photograph of defendant. Defendant's objection was overruled. Subsequently, defendant cross-examined Findley who stated that other than the photographic identification on February 24, 1972 he had not seen defendant from February 7, 1972, the date he was robbed, until the date of trial on May 8, 1972. Defendant made no attempt during cross-examination of Findley to establish any hint of an impermissible photographic procedure. Findley stated that his identification of defendant was based on his observations during the robbery and was independent of any photographic identification.

Defendant relies on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968) for the proposition he should have had ". . . the opportunity to examine the photographs and cross-examine the witness (See Simmons v. United States, supra) out of the presence of the jury. . . ." We do not so read *Simmons.*

*Simmons* states:

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. . . ."

*Simmons* does not afford defendant the absolute right of voir dire. Absent some indication of an improper extra-judicial identification, it was within the discretion of the trial court to permit the trial to be interrupted to allow defendant to voir dire as to the possibilities of such an identification. State v. Orzen, 83 N.M. 458, 493 P. 2d 768 (Ct.App.1972). Further, defendant has failed to make any showing of an im-

**670**

permissibly suggestive procedure. The fact of a 17 day period between the robbery and the out-of-court identification does not in and of itself suggest tainting of the photographic identification procedures. Compare State v. Orzen, supra.

Since there was no indication of an improper extra-judicial identification, the trial court did not err in refusing to conduct a hearing on the possibility of an improper identification prior to trial or during the trial. State v. Orzen, supra; State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct. App.1970).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.