304 So.2d 328 (1974)
STATE of Louisiana
v.
Oliver MARTIN, Jr.
No. 55079.
Supreme Court of Louisiana.
December 2, 1974.
*329 Neil H. Mixon, Jr., McCollister, Belcher, McCleary & Fazio, Davis A. Gueymard, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob H. Hester, Sp. Prosecutor for the Dist. Atty., for plaintiff-appellee.
CALOGERO, Judge.
The defendant was charged under a bill of information with armed robbery, LSA-R.S. 14:64. Defendant was found guilty after a trial by jury and was sentenced to 35 years without benefit of parole, probation, or suspension of sentence. Defendant appeals, relying on four bills of exceptions and upon a motion in arrest of judgment.
The record discloses the following facts: on September 13, 1973, at approximately 10:00 a. m., two men, one of whom was armed, held up the Union Federal Savings and Loan Association in Baton Rouge.
Bill of Exceptions No. 1
In his application for a bill of particulars, defendant requested the following:
"Does the State have in its possession any photographs of the said defendant, or others, which he intends to introduce into evidence on the trial hereof, and, if so, will they be made immediately available to the defense counsel for inspection?"
The State indeed did have photographs, taken by a wall camera triggered by the victims during the course of the robbery. In its answer, the State admitted that it possessed photographs and that it intended to (and in fact ultimately did) use them at trial, but refused to make them available to the defense for inspection until their introduction during the trial.
After taking the matter under advisement, the trial judge ruled that the defendant was not entitled to pretrial inspection of the photographs. To this ruling the defendant reserved a bill of exceptions.
*330 The defendant argues that the denial of his request prevented him from preparing a proper defense.
This Court has repeatedly held that full pretrial discovery is unavailable in Louisiana criminal proceedings. State v. Burkhalter, 260 La. 27, 255 So.2d 62 (1971) and the cases cited therein. Moreover, in State v. Finley, 275 So.2d 762 (1973), this Court ruled on a request almost identical to the one presented by the defendant in the instant case. The defendant in Finley desired pretrial inspection of photographs taken by a camera during the robbery of a bank. This Court reaffirmed its holding in State v. Dickson, 248 La. 500, 180 So.2d 403 (1965), and held that the photographs, direct evidence of the commission of the crime, were not subject to pretrial inspection.
This bill has no merit.
Bill of Exceptions No. 2
This bill was reserved to the denial of defendant's motion for a new trial. The motion was based upon the contention that the court's ruling on defendant's application for bill of particulars (the same request relative to photographs referred to hereinabove) constituted prejudicial error.
As we have found Bill of Exceptions No. 1 lacking in merit, it follows that this bill also is without merit.
Bill of Exceptions No. 5
This bill was reserved during trial when the state, over the defendant's objection, was allowed to introduce six photographs into evidence. Defendant argues that a proper foundation had not been laid for the introduction of the photographs. Specifically, he complains that the State's evidence did not establish that the photographs correctly and accurately portrayed the scene represented.
This bill has no merit. A perusal of the record reveals that the state's witnesses, the two victims of the robbery, testified that they activated the camera during the robbery. Both witnesses related that the photographs portrayed their office, and one of the witnesses specifically stated that the pictures depicted the office as it appeared on the day of the robbery. This was a sufficient foundation upon which to base the introduction of the photographs into evidence.
Bill of Exceptions No. 3
After his conviction, the defendant in proper person filed a motion for a new trial. As one of his bases for a new trial concerned the performance of his court appointed attorney, the court appointed a second attorney to assist defendant in presenting his motion. This bill was reserved to the trial court's denial of the motion.
Defendant alleged three bases in support of this motion:
The first argument, concerning the trial court's instructions on the Louisiana law of principals, has been abandoned on appeal.
The second contention, relative to the admission of the photographs into evidence, is essentially the same argument presented in Bill of Exceptions No. 5. For the reasons assigned above, this argument has no merit.
Finally, defendant asserts that he was denied compulsory service of process guaranteed to him by the 6th Amendment to the United States Constitution and made applicable to state proceedings by the 14th Amendment. This right has been held to be a fundamental element of due process of law. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).
The complaint asserted here, where the essence of the complaint is that the court-appointed attorney did not respond to defendant's request to subpoena certain individuals, might more properly be considered an assertion of ineffective counsel rather *331 than a denial of compulsory process. But however we construe the complaint, it lacks merit. The defendant has not satisfactorily established that his lawyer was negligent or ineffective, nor that he was either deliberately or carelessly denied his fundamental due process right to compulsory process.
Equally important, however, considering defendant's assertion that his desired witnesses would have established an alibi, is the fact that the record does not bear out this contention. Testimony taken at the hearing does not demonstrate that an alibi would have been presented to the jury had the witnesses testified as expected.
For the above reasons, this bill has no merit.

Motion in Arrest of Judgment.
Defendant filed a motion in arrest of judgment[1] premised upon a claim that LSA R.S. 14:64 is unconstitutional. Specifically, defendant presents the argument that the penalty clause of the armed robbery statute is cruel and unusual punishment prohibited by the 8th Amendment to the United States Constitution and furthermore, that the provision denies him the equal protection of the law guaranteed by the 14th Amendment by disallowing the possibility of parole. An identical argument was rejected by this Court in State v. Howard, 262 La. 270, 263 So.2d 32 (1972). For the reasons assigned in Howard, this motion was properly denied.
The conviction and sentence are affirmed.
BARHAM, J., concurs. The photographs should have been exhibited to defense counsel under the court's supervision.
NOTES
[1] The denial of a motion in arrest of judgment is reviewable by this Court although a bill of exception has not been reserved. Article 841, C.Cr.P.; City of Monroe v. High, 254 La. 362, 223 So.2d 834 (1969).