SUMMERS, Justice
(dissenting).
Reversal of this conviction and sentence is erroneous because the opinion approves an extension of the rule of pretrial discovery of evidence in the possession of the State upon the faulty reasoning that the tape recorded phone conversations are in-culpatory statements as that term is used in Article 768 of the Code of Criminal Procedure and as defined in State v. Fink, 255 La. 385, 231 So.2d 360 (1970). According to that authority “ . . . the term inculpatory statement refers to the out-of-court admission of incriminating facts made by a defendant after the crime has been committed. It relates to past events.”
*421 The “offer to accept” with which this defendant is charged must be “under such circumstances”, the circumstances being set forth in the statute quoted in footnote one of the Court’s opinion. La.R.S. 14:118. This means, very plainly, as the statute defining the crime prescribes, that the offer to accept must be “with intent to influence” the conduct of a public official “in relation to his position, employment, or duty.” The tape recordings in question were evidence of the defendant’s “intent to influence,” an essential element of the crime. Without proof of this intent, no crime could be charged. The tapes were, moreover, corroborating proof of defendant’s offer to accept. Only Watson’s word against the defendant’s was available as proof without these tapes. Surely the Court does not intend to hold that when law enforcement authorities make an effort to corroborate inadequate proof during investigation of criminal activity while it is occurring, the evidence so obtained will be considered as a confession or incul-patory statement of the defendant, available to him prior to trial to pore over and make a defense by fair means or foul. See the opinion of Judge Learned Hand in United States v. Garsson, 291 F. 646, 649 (S.D., N.Y.1923) and the dissents in State v. Migliore, 261 La. 722, 260 So.2d 682 (1972).
Clearly, the tape recordings were evidence of the commission of the crime; they were not admission of facts made “after the crime”; these tapes did not relate to “past events”; they were, instead direct evidence of intent, an essential element of the crime while it was happening. State v. Finley, 275 So.2d 762 (La.1973); State v. Dickson, 248 La. 500, 180 So.2d 403 (1965).
In its highly technical approach to this case, the majority has erroneously disregarded the need of the state to establish an essential element of the crime.
I respectfully dissent.