This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LEE STONE,**

Plaintiff-Appellant,

**vs.**                                                  **NO. 31,788**

**FAIRY PURIFOY**

Defendants-Appellee,

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, District Judge**

John R. Hakanson
Alamogordo, NM

for Appellee

Lee Stone
San Jon, NM

Pro se Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Plaintiff, appearing pro se, appeals from a district court order dismissing his complaint. We proposed to affirm and Plaintiff has responded with a memorandum in opposition. He also purports to be moving to amend the docketing statement. We hereby deny the motion to amend and affirm the district court order.

Defendant's docketing statement raised nine issues challenging a district court order dismissing his defamation complaint with prejudice. [DS 14] Our calendar notice observed that this Court may take judicial notice of our own files. *See State v. Turner*, 81 N.M. 571, 576, 469 P.2d 720, 725 (Ct. App. 1970) (recognizing the Court of Appeals' authority to take judicial notice of its own records). In Ct. App. No. 31,714, *Fairy Purifoy v. Dusty Stone*, Appellant Dusty Stone is appealing, inter alia, from a district court order granting Fairy Purifoy's second motion for protective order or permanent injunction against Lee Stone, Dusty Stone, and any and all siblings, heirs, successors or assigns of Lee Stone or Dusty Stone, filed on October 21, 2011. [Ct. App. No. 31,714 RP 381]. A Decision Letter from that proceeding appears in the record in this case. [RP 34] Given the nature of this order, we continue to conclude that any challenge to the dismissal of the present case would require Lee Stone to have that order set aside. In other words, Plaintiff may not do an end-run around the protective order by bringing a new legal theory against Purifoy to court. Because he

has not set aside the protective order, we give effect to this order by affirming the district court ruling in this proceeding.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**