## STATE v. JOHN THOMPSON.

*Indictment for Perjury, Sufficiency of.*

The averments of an indictment charging that defendant did unlawfully commit perjury on the trial of a certain action in a certain Court by falsely asserting on oath, " in substance, as follows (here setting out the alleged false testimony): said defendant knowing the said statement to be false, against the form of the statute," etc., are sufficient and in compliance with the form prescribed by the Act of 1889.

Indictment for perjury, tried at March Term, 1893, of the Criminal Court of NEW HANOVER County, before *Meares, J.*

The jurors, etc., present that John Thompson, etc., did unlawfully commit perjury upon the trial of an action in the Mayor's Court in the city of Wilmington in said county, wherein the State of North Carolina was plaintiff and John Thompson was defendant, by falsely asserting on oath, " in substance, as follows, to-wit: 'About 8 o'clock on the 25th of February I was between Schulkin and Dennis' stores; a man passed in about six or seven feet of me and made an oath; he had a gun in his hand; he walked to the corner and stood up by a post; in a few minutes a car came up to the end of the switch, and as the man changed the trolley he fired; I am positive the man that fired the gun was Buck Wright; I have known him for some time; I have seen the gun before; Wright left it in my shop to be repaired last Christmas; I put a new spring in it'—the said John Thompson knowing the said statements to be false, against the form of the statute in such cases made and provided, and against the peace and dignity of the State." The jury returned a verdict of guilty, and the defendant moved in arrest of judgment, on the ground that the indictment was not sufficient in its averments to charge the crime of perjury, as it did not specifically charge that the matters, alleged to be sworn to, were

wilfully, absolutely and falsely in a matter material to the point in issue. The motion was denied, and the defendant appealed from the judgment pronounced.

*The Attorney General,* for the State.
No counsel, *contra.*

BURWELL, J.: The averments in the indictment are sufficient. It complies in all essential particulars with the form prescribed by the Act of 1889, which has been approved by this Court in *State* v. *Gates,* 107 N. C., 832, and in other cases.

Affirmed.