[No. 666.   September 1, 1896.]

TERRITORY OF NEW MEXICO, APPELLANT, v. ELLEN L. LOCKHART, APPELLEE.

CRIMINAL LAW—PERJURY—INDICTMENT—PLEADING.—An indictment for perjury need not aver matters in detail, showing how the question in relation to which the testimony was given became material, but the pleader may, at his election, charge it was thus material, or set out facts from which its materiality will appear in law, and where the false testimony is delivered on the trial, the former is the common and better method.   Overruling Territory v. Remuzon, 3 N. M. (Gil.) 648.

ID.—PERJURY—INDICTMENT—GENERAL AVERMENT—SUFFICIENCY.—A general averment, in an indictment for perjury, that the several alleged false statements, as set out in the indictment, are false, without specifically negativing any fact testified to by the witness, is fatal on demurrer.

APPEAL, from the Second Judicial District Court, Bernalillo County, sustaining a demurrer to an indictment against defendant for perjury.   Affirmed.

The facts are stated in the opinion of the court.

JOHN P. VICTORY, solicitor general, for the territory.

While an averment of the materiality of false testimony is necessary in an indictment for perjury, yet the pleader may, at his election, say that it was material, or set forth such facts as to show its materiality in law.   2 Bish. Crim. Proc., sec. 921; State v. Sharpe, 85 Am. Dec. 498; 2 Whar. Crim. Law, 153; Kelly's Crim. Law and Prac. 557; Wood v. People, 59 N. Y. 117; Walson v. State, 5 Tex. App. 11; State v. McCormick, 52 Ind. 169; Stofen v. State, 3 W. Va. 689; State v. Davis, 69 N. C. 495; U. S. v. McHenry, 6 Blatch. 503; State v. Chandler, 42 Vt. 446; People v. Tex., 28 Mich. 492; Rich v. U. S., 1 Okla. 354; State v. Thompson, 113 N. C. 638; State v. Madijan, 51 Minn. 425; People v. Brilliant, 58 Cal. 214; Kimmel v. People, 92 Ill. 457; State v. Nees, 47 Ark. 553; Comm. v. McCarthy, 152 Mass. 577.

WARREN, FERGUSSON & GILLETT for appellee.

A simple allegation of the materiality of the alleged false testimony is not sufficient; but the materiality must be shown by setting out such testimony.   Territory v. Remuzon, 3 N. M. (Gil.) 648.

The indictment is fatally defective, in failing to negative, by specific averment, the alleged false testimony.   3 Whar. Crim. Law, sec. 2259; Arch. Crim. Pl. 428–430; 2 Bish. Crim. Proc., secs. 922, 923; Martinez v. State, 7 Tex. App. 394; 18 Am. and Eng. Ency. Law, 316; State v. Morse, 2 S. W. Rep. 792; Comm. v. Weingartner, 27 Id. 852.

BANTZ, J.—The defendant was indicted in Bernalillo county for perjury committed while testifying in a

civil cause in the district court.   To that indictment a
demurrer was interposed, her demurrer was sustained
and the territory has appealed.

The indictment in the first count sets out a num-
ber of things testified to by the defendant touching
conversations she had with Leeds, Johnson, and Wills,
but in the assignment of the perjury the indictment
did not negative in terms the facts so testified to, but
avers that in truth and in fact that Leeds, Johnson,
and Wills "did not make any such statements or offers
to her," and "did not make any such statements as
to said Pilkey having been in collusion with the said
Frank Fagaly and the said Lee Walker for the pur-
pose of defrauding the said Henry Lockhart and Ben-
jamine Johnson of their interest in said claim."   The
second count charges that she testified that Johnson,
Leeds, and Wills told her that Pilkey, Walker, Fagaly,
and Neelan were going into a scheme to do Mr. Lock-
hart up; that they, Johnson, Leeds, and Wills, got
money from Neelan and had gone into a conspiracy to
defraud Henry Lockhart by abandoning of the mining
claim for the purpose of enabling Fagaly, Walker, and
others to take possession of the same as against said
Henry Lockhart and Benj. Johnson, and that they got
money from Neelan to aid the prosecution of said con-
spiracy and scheme.   And the assignment of perjury
was that the said Leeds, Johnson, and Wills did not
make "any such statement" to the defendant.

The demurrer sets up two grounds, namely:
(1) that said indictment does not set forth facts suffi-
cient to show that the alleged testimony of the defend-
ant given upon said trial was upon any material ques-
tion involved therein; and (2) that the assignment of
perjury upon the alleged testimony of defendant upon
said trial as averred in said indictment, and in each
count thereof, are insufficient in law, for that the same
are general, and do not specifically negative any par-

ticular fact alleged to have been falsely testified to by this defendant upon said trial.

1. In Territory v. Remuzon, 3 N. M. 648, it was held that: "It is not sufficient to charge generally that a certain question was or became mate-rial, but the indictment must set forth facts showing how it becomes material. The omission of these essential averments in this indictment is fatal." This rule is not in harmony with the rule generally recognized by text writers and sustained by the decisions. In Bishop's recent work on Criminal Procedure it is laid down that: "The averment of the materiality of false testimony in an indictment for perjury being an essential element in the offense must be averred, and the pleader in doing this may at his election say that it was material, or set out facts from which its materiality in law will appear. He need not do both. When the false testimony is delivered in a trial the former is the common method, and better practically. Even a few of the cases seem to require it to the exclusion of the latter." 2 Bish. New Crim. Proc., sec. 921; 2 Whart. Crim. Law, 153; State v. Thompson, 113 N. C. 638; State v. Madigan, 51 Minn. 425; Com. v. McCarthy, 152 Mass. 577. The indictment in this case fully sets forth the question averred to be material in relation to which the testimony was given, and we think this was sufficient, without averring matters in detail showing how the question became material. So far Territory v. Remuzon, 3 N. M. 648, is overruled.

*PERJURY: indictment: pleading.*

2. Nowhere in any assignment of perjury in either count is there any specific negative of any fact testified to. Speaking of this part of an indictment for perjury, Mr. BISHOP observes: "This is the gist of the offense, not mere inducement, consequently the allegations must be direct and specific, not in terms of uncertain meaning, or by way of implication. Simply

*PERJURY: indictment: general averment: sufficiency.*

to say for example that the defendant falsely swore is not adequate." And furthermore: "It must particularize wherein the testimony was false, a general allegation that it was so not being sufficient." 2 Bish. N. C. Proc., secs. 918, 919. In Rex v. Perrott, 2 Maule & Selw. 386, Lord ELLENBOROUGH said: "Suppose the offense had branched out into twenty or thirty matters of which some might be true, and used only as the vehicle of the falsity, are we to understand from this form of charge that it indicates the whole to be false, and that the defendant is to prepare to defend himself against the whole? That would be contrary to the plain sense of the proceeding, which requires that the falsification should be applied to the particular thing to be falsified and not to the whole." "The charge should be specific, in order to give notice to the party of what he is to come prepared to defend, and to prevent his being distracted amidst the confusion of a multifarious and complicated transaction parts of which only are meant to be impeached for falsehood." In Gibson v. State, 44 Ala. 23, the court say: "It is necessary that the indictment should expressly contradict the matter falsely sworn to by the defendants; and a general averment that the defendant falsely swore upon the whole matter of the oath is not sufficient. The indictment must proceed by particular averment to negative that which is false." This subject received a full consideration in Gabrielsky v. State, 13 Tex. App. 437, and speaking of an indictment in that case, which covered a number of facts sworn to upon which the assignment of perjury was general, the court say: "It is simply a general averment that the several alleged false statements, as set out in the indictment, are each and all false without negativing them in detail, and without stating the truth in regard to each. At common law all the authorities hold this to be insufficient and we have been unable to find a single

precedent, either at common law or in our own state where the assignment of perjury has been dispensed with." "He (the defendant) should be told in the indictment wherein and to what extent the statements alleged to have been made by him were false, that he may know certainly what he is called upon to answer." See, also, Burns v. People, 59 Barb. 532; 1 Arch. Crim. Plead., secs. 297-538; State v. Mace, 76 Me. 64.

The indictment in this case does not specifically negative any fact testified to by the witness, and therefore the demurrer was properly sustained and the judgment will be affirmed.

SMITH, C. J., and LAUGHLIN and HAMILTON, JJ., concur.