[No. 784. August 26, 1898.]

## THE TERRITORY OF NEW MEXICO, Appellee, v. BELTRAM WILLIAMS, Appellant.

### SYLLABUS BY THE COURT.

CRIMINAL LAW—PERJURY—EVIDENCE—SUFFICIENCY.—The evidence of one witness alone, not corroborated by any other evidence, is insufficient to warrant a conviction on a charge of perjury.

*Appeal*, from a judgment of the Third Judicial District Court, Dona Ana County, convicting defendant of perjury. Reversed and remanded.

The facts are stated in the opinion of the court.

· J. F. BONHAM for appellant.

The evidence in this case is not sufficient to support the charge of perjury. Bish. New Crim. Prac. 920; State v. Lea, 3 Ala. 602; State v. Garland, 3 Dev. (N. C.) 114; Juaraquin v. State, 28 Tex. 625.

The falsity of the oath of the accused upon which perjury is assigned can not be established by the testimony of one witness only. It must be established by the testimony of one reliable witness and such corroborative facts and circumstances as will give a clear preponderance of the evidence in favor of the state to the exclusion of a reasonable doubt of the guilt of the accused. U. S. v. Wood, 14 Pet. 430; 2 Hawk. Pleas Crown 591; Arch. Crim. Pl. 157; Dane's Abr. 82; Grandy v. State, N. W. Rep. 747; Thomas v. State, 51 Ark. 138; 18 Am. and Eng. Ency. of Law 323; Aguire v. State, 21 S. W. Rep. 256; 7 Am. and Eng. Ency. of Law 794.

EDWARD L. BARTLETT, solicitor general, for the territory.

LELAND, J.—This cause comes into this court on appeal from the district court of Dona Ana county.

This prosecution was an indictment based on the statute making it a felony to knowingly and willfully swear to and present a false account against a county, etc.    The indictment alleges that one Beltram Williams made out and swore to an account, and presented the same for allowance against said Dona Ana county for $69.08, said amount of charges being as claimed by said Williams for mileage and per diem for one guard or assistant so employed by him to transport one Dick Wilson, a prisoner, from Springer, New Mexico, to Las Cruces, New Mexico.    Said indictment further alleges that such charge for mileage and per diem was false.

Defendant Williams was tried in said court on this charge of perjury, and convicted, and now seeks a reversal of said verdict and judgment of conviction.

Twenty-three different grounds of error were assigned in defendant's motion for a new trial, and which appear on the face of the record for examination in this court.

The second assignment of error, to wit:    That "The verdict of the jury is contrary to the evidence," we think well taken, after an examination of all the evidence in the case. The record does not raise in our minds a question as to the weight of the evidence, but an absence of evidence.    The whole evidence discloses the fact, which is not disputed, that defendant Williams was a constable in and for a certain precinct in Dona Ana county, and as such officer went to the town of Springer, the county seat of Colfax county, armed with a warrant for the arrest of one Dick Wilson, who was then charged with a felony; that Williams found Dick Wilson in the jail at Springer, and took him by rail to Las Cruces, Dona Ana county, and lodged him in jail.

In order to effect a lawful conviction of defendant, it was incumbent on the territory to prove, first, that the alleged

false oath to said alleged false account was made at Dona Ana county, in the territory of New Mexico, by this defendant; second, that said account was presented by this defendant to the proper accounting officer or officers for allowance; third, that defendant knowingly and willfully swore to such false account; and, fourth, that such account was, as a matter of fact, false, and each and every one of these elements of the crime of perjury as counted on in the indictment must be proved beyond a reasonable doubt; if the territory fail to prove any one of these elements of the offense, then the defendant must be acquitted.

That the defendant did make out an account against Dona Ana county for the amount alleged in the indictment, and swore to the same, and presented the same to the proper officers for allowance, is admitted by defendant. This disposes of the first three elements of the offense. The question remaining for examination is, did the territory prove, as the law requires, that defendant did not employ and have a guard or guards from Springer, New Mexico, to Las Cruces, New Mexico? We think not. One witness only, and that the prisoner who had been arrested by this defendant on a charge which was a felony, in his examination testifies that this defendant had no guard assisting in his transportation, while on a very fair cross-examination by counsel for defense, the same witness is not very sure about the matter. This is the only actual evidence adduced by the state on this point. This evidence alone, and uncorroborated, is not such proof as the law requires in trials for perjury; it is one oath against another, and if the citizens of this territory can be convicted of perjury and sent to the penitentiary for a term of years, and their characters ruined for life by oath against oath, as in this case, then the best citizens may well shun the courts as a traveler would quicksand. We may add that the record in this case discloses that defendant proved by a preponderance of evidence that he did employ two guards to assist in transporting the prisoner, Dick Wilson, and that without this proof

PERJURY: evidence: sufficiency.

introduced by the defendant as to this element of the offense charged, the court below, should have directed a verdict of acquittal.    This one assignment of error being sufficient to warrant this court in a reversal of the case below, it is not necessary for this court to consider the other assignments of error.

The judgment therefore is reversed and cause remanded for a new trial.

Judge McFie, being of counsel for defendant in the trial court, did not sit in this case.

Mills, C. J., Crumpacker and Parker, JJ., concur.