484 P.2d 768

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Pat JARAMILLO, Defendant-Appellant.**
**No. 607.**

Court of Appeals of New Mexico.
April 16, 1971.

Walter F. Wolf, Jr., Schuelke & Wolf, Gallup, for appellant.

David L. Norvell, Atty. Gen., John Darden, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was convicted of aggravated battery (§ 40A–3–5(A) (C), N.M.S.A.1953 (1969 Supp.) ), and has appealed contending that the trial court erred in denying his motion for a continuance based upon the ground that a particular witness could not be located for service of a subpoena, and, further, in refusing to give certain tendered instructions relating to lesser included offenses. We affirm.

The statute, § 40A–3–5(A) (B) and (C), N.M.S.A.1953 (1969 Supp.) provides:

"A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

"B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

"C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony."

The defendant and one Reyna, while in a bar, became involved in an altercation. Both of them left the bar for the purpose of engaging in a fight. Defendant at the time was armed with a pistol and during the course of the fight the pistol was discharged and Reyna was shot in the stomach.

At the outset of the trial, defendant orally moved the court for a continuance on the ground that he was unable to secure the presence of a witness, one Alfonso Sanchez. Defendant's counsel stated to the court that Sanchez, if procured, would testify to matters material to the defense, and, among other matters, would testify that the prosecuting witness, Reyna, was chasing or running after the defendant prior to the fight. It was asserted by counsel for defendant that the particular testimony was important as support for his claim of self defense.

It appears from the record that a subpoena for Sanchez was issued and delivered to the Sheriff the day before the trial, although defendant and his counsel had more than two weeks notice of the date of trial. It further appears from the record that another witness who had been subpoenaed could supply testimony similar in nature to that which counsel thought would be given by Sanchez.

It is fundamental that a motion for continuance rests within the sound discretion of the trial court, and its ruling will not be disturbed unless the record shows an abuse of discretion. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968). In our opinion, the record does not show an abuse of discretion on the part of the trial court in denying the motion.

Defendant submitted certain instructions relating to lesser included offenses which were refused by the court. The refusal to give these instructions is asserted as reversible error. The rule is firmly established in this jurisdiction that a defendant has the right to have instructions on lesser included offenses submitted to the jury. The right, however, is dependent upon there being evidence tending to establish the lesser included offense. State v. Anaya, 80 N.M. 695, 460 P.2d 60 (1969).

Defendant admitted that he had the pistol in his possession at the time of the fight. He also testified that he intended to hit Reyna on the head with it. We see no evidence in the record which would have warranted the court in instructing on a lesser included offense.

The conviction is affirmed.

It is so ordered.

WOOD and SUTIN, JJ., concur.