494 P.2d 976

STATE of New Mexico, Plaintiff-Appellee,

v.

Geronimo BORUNDA, Defendant-Appellant.

No. 659.

Court of Appeals of New Mexico.

Jan. 28, 1972.

Rehearing Denied Jan. 31, 1972.

Certiorari Denied March 7, 1972.

Barry Rudolf, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

During the trial of Juan Valdez, for the shooting of State Police Officer Sais, defendant took the stand and testified he, rather than Valdez shot Sais. Juan Valdez was convicted. Subsequently defendant was indicted for and convicted of perjury (§ 40A–25–1, N.M.S.A.1953 (Repl. Vol.1964)). Defendant appeals asserting: 1) an improper instruction regarding an element of perjury; 2) lack of substantial evidence; and, 3) by allowing the state a continuance defendant was denied his constitutional right to a speedy trial.

We affirm.

## INSTRUCTIONS REGARDING THE CRIME OF PERJURY.

Section 40A–25–1, supra, defines perjury as:

" * * * making a false statement under oath or affirmation, material to the issue or matter involved in the course of any judicial, administrative, legislative or other official proceeding, knowing such statement to be untrue."

The trial court instructed the jury on perjury by quoting the statutory definition. Defendant's requested but refused instruction stated in part:

" * * * that the Defendant knew at the time of giving said testimony that it was false, and that he gave said testimony wilfully and for the purpose of corruption."

▇▇▇ Defendant contends that "wilfully testifying falsely" is the gravamen of the offense charged and that the jury was denied an opportunity to pass upon the state of mind of the defendant which is an essential element in determining guilt or innocence. Defendant bases this contention upon State v. Reed, 62 N.M. 147, 306 P.2d 640 (1957). *Reed* is not applicable. It was based on the predecessor statute § 40–32–2, N.M.S.A.1953, repealed by the Laws of 1963, ch. 303, § 30–1. "Wilfulness" as an aspect distinct from "knowledge" is not a part of the offense established by § 40A–25–1, supra. The trial court did not err in refusing to instruct on "wilfulness"; it properly instructed in accordance with the statute. See State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App. 1969).

This case is controlled by State v. Montoya, 77 N.M. 129, 419 P.2d 970 (1966) which dealt with the statute under which defendant was convicted. *Montoya* stated:

"Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances. The act itself may be such as will warrant an inference of knowledge * * *."

The instructions given provided the jury an adequate standard by which to determine the existence of knowledge when defendant made the false statement under oath, which was material to the issue in the course of a judicial proceeding.

## SUBSTANTIAL EVIDENCE.

Defendant contends a special rule of evidence applies in perjury cases and that under that rule the evidence is insufficient to sustain the conviction. Such a special rule was declared in Territory v. Remuzon, 3 N.M. (Gild.) 648, 3 N.M. (John) 368, 9 P. 598 (1886). It is:

"Formerly it required the testimony of two witnesses to prove the falsity of the statements on which perjury was assigned in order to convict * * *.

"This rule has been in later years relaxed to some extent; but it is still necessary to prove the falsity of defendant's sworn statements beyond a reasonable doubt. This may be done by the testimony of one witness supported by corroborating evidence or circumstances. But the corroboration must go beyond slight or indifferent particulars; it must strongly support the accusing witness * * *."

A similar special rule applies in rape cases. State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971); State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct.App.1970). Such special rules appear contrary to the approach taken in most criminal prosecutions—that a defendant may be convicted on the testimony of a single witness and even when that witness is the victim, an accomplice or an informer. State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970); see State v. Polsky, supra. Although Territory v. Remuzon, supra, was overruled on other grounds in Territory v. Lockhart, 8 N.M. 523, 45 P. 1106 (1896), the special rule as to the necessary evidence was reaffirmed in Territory v. Williams, 9 N.M. 400, 54 P. 232 (1898).

Justification for the special rule is that it is not unreasonable that a conviction for perjury " * * * ought not to rest entirely upon 'an oath against an oath.' " Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945); Territory v. Williams, supra. *Weiler* also states that a special rule for perjury prosecutions " * * * is well nigh universal." Accordingly, we proceed on the basis that the rule announced in Territory v. Remuzon, supra, is applicable.

■ The question then is whether the evidence is sufficient under that rule. We hold that it is. There is direct evidence that defendant's testimony in the Valdez trial was false. The "strong support" is the testimony of four witnesses placing Valdez at the scene when Sais was shot. One of the four witnesses testified that Valdez was close to Sais after the shot was fired and that Valdez had a gun in his hand. This evidence is sufficient corroboration under the special rule.

Defendant claims the testimony of the corroborating witnesses is circumstantial and is insufficient under the circumstantial evidence rule; specifically, that the testimony of the corroborating witnesses does not point unerringly to the falsity of defendant's testimony and does not exclude every reasonable hypothesis other than defendant's guilt of perjury. We disagree. The evidence is to be viewed in its most favorable aspect in support of the verdict. Viewed in that light, the circumstantial evidence corroborating the direct evidence of perjury is irreconcilable with any reasonable theory of innocence. State v. Beachum, 82 N.M. 204, 477 P.2d 1019 (Ct. App.1970). What defendant seeks under this point is a declaration that the jury should have believed the defense witnesses rather than the State's witnesses. Credibility of the witnesses is for the jury. The verdict shows the jury believed the State's witnesses, and the testimony of the State's witnesses excludes every reasonable hypothesis other than defendant's guilt.

## RIGHT TO SPEEDY TRIAL.

Defendant contends that the lower court violated the rule applicable to trial settings in the Second Judicial District that "no trial will be vacated except by motion, hearing, and order." Defendant contends that by allowing the State a continuance in violation of this rule, he was denied his constitutional right to a speedy trial.

The record shows that defendant filed his first motion to dismiss on July 7, 1970 because the prosecution called the defendant and informed him that the prosecution witnesses were still unavailable. On July 8, 1970 counsel for both parties appeared before the court. There is a lapse in the record concerning what transpired after that. On July 17, 1970 there was an order denying defendant's motion to dismiss.

■ Section 21–8–11, N.M.S.A.1953 (Repl.Vol.1970) provides in part: "If the application for continuance is * * * held sufficient the cause shall be continued, * * *." Unless the trial court has abused its discretion the reviewing court will not set aside the action of the trial court in the granting of a motion of continuance. See State v. Jaramillo, 82 N.M. 548, 484 P.2d 768 (Ct.App.1971).

■ From the record we cannot state as a matter of law that the trial court abused its discretion. We note from the record that defendant had received continuances totalling over five months while he now argues for reversal because of a one week continuance for the prosecution.

Defendant argues that he was prejudiced in part because one of his witnesses died between July 7, 1970 and the trial on July 15, 1970. The record shows that this was a character witness and that there was ample testimony by other witnesses concerning defendant's character. There is no indication that the delay by the prosecution was brought about by concerted acts of state officials. Defendant was free on bond during the whole period of the continuances. No undue and oppressive incarceration is involved. Under the circumstances, there was no denial of the right to a speedy trial. See United States v. Ewell,

383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); State v. Crump, 82 N.M. 487, 484 P.2d 329 (1971)

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.