502 P.2d 315

STATE of New Mexico, Plaintiff-Appellee,

v.

Elmer Rheford BOYD, Defendant-Appellant.

No. 901.

Court of Appeals of New Mexico.

Aug. 18, 1972.

Rehearing Denied Sept. 27, 1972.

Certiorari Denied Oct. 24, 1972.

William W. Head, Jr., Gallup, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of rape, § 40A–9–2, N.M.S.A.1953 (Repl.Vol. 6), and sodomy, § 40A–9–6, N.M.S.A.1953 (Repl. Vol. 6). The appellate issue is the suffi-

ciency of the evidence. Defendant claims that the testimony of the prosecutrix was (1) inherently improbable; (2) uncorroborated; and (3) the evidence did not point unerringly to the guilt of the defendant. The basis for these claims is State v. Shults, 43 N.M. 71, 85 P.2d 591 (1938), and State v. Armijo, 25 N.M. 666, 187 P. 553 (1920). State v. Shults, supra, states:

"In cases of common law rape, in the absence of such corroboration as outcries, torn and disarranged clothing, wounds or bruises, or if there is long delay in making complaint; the evidence may be so inherently improbable as to be unsubstantial. In such cases, unless there is other testimony which points unerringly to the defendant's guilt, we will not uphold a conviction."

State v. Armijo, supra, states:

"In this jurisdiction no corroboration of a prosecutrix for rape, by way of testimony of an independent character emanating from an outside source, is required in order to sustain a conviction. But the bald charge of a woman against a man in this regard, unsupported and uncorroborated by facts and circumstances pointing to the guilt of the accused, is insufficient to meet the requirement of the law that a verdict must be supported by substantial evidence."

We discuss each of the three contentions of defendant but point out that the corroboration rule in rape cases is not applicable to the sodomy conviction. See State v. Borunda, 83 N.M. 563, 494 P.2d 976 (Ct.App.1972).

*Asserted inherent improbability.*

Defendant asserts that the prosecutrix' testimony is inherently improbable in three respects: (1) the time period involved; (2) certain prior inconsistent statements; and (3) asserted conflicts between her testimony and that of the examining physician.

The prosecutrix testified that she was raped twice by defendant and forced to commit an act of sodomy within a period

of approximately thirty minutes. In addition, there was some conversation between the prosecutrix and defendant during this time. Defendant claims ". . . the occurrence of all of these events in a thirty minute period is inherently improbable, if not impossible." The rule is that testimony is not inherently improbable unless what is claimed to have occurred could not in fact have occurred. State v. Soliz, 80 N.M. 297, 454 P.2d 779 (Ct.App.1969); see State v. Trujillo, 60 N.M. 277, 291 P.2d 315 (1955). We cannot say as a matter of law that the events described by the prosecutrix could not in fact have occurred during the period stated.

The prosecutrix, in two written statements to the police, first denied that any act of sodomy had occurred, and then failed to mention it. At trial she testified that defendant had forced her to commit an act of sodomy. She explained that her denial and her failure to mention it were the result of her embarrassment about it. The prosecutrix also failed to mention the act of sodomy to the examining physician.

■ Defendant claims that these inconsistencies render her testimony "inherently improbable." We do not agree. Under the definition stated above, we cannot say that the explanation given by the prosecutrix was not, in fact, true.

■ Defendant also claims that the testimony of the examining physician makes the prosecutrix' testimony improbable because ". . . it is not only inconsistent with the testimony of the prosecutrix, but tends to disprove her testimony. . . ." The doctor testified that he found no evidence of trauma or injury to the vagina; that such lack of trauma is unusual in a rape case; and that he found no other physical indication on the prosecutrix or her clothes that a rape had occurred. He further testified that he found sperm in the vagina but that they were all immotile. The doctor concluded that it was an "alleged rape." Nothing in the doctor's testimony indicates that the alleged acts could not have occurred in fact.

The prosecutrix' testimony was not inherently improbable because of the time element, inconsistent statements or the doctor's testimony. Defendant also seems to contend that the prosecutrix offered the only testimony regarding the actual occurrence of the two acts of rape and the act of sodomy, and that she should, therefore, not have been believed. The answer to this is that the jury determines the credibility of the witnesses. State v. Soliz, supra.

*Corroboration.*

■ Defendant asserts that: ". . . All evidence pointing to the guilt of this Defendant originated with the prosecutrix. There is no independent testimony or evidence pointing to his guilt. . . ." Defendant, therefore, claims that since there is no corroboration of the rape charges, the convictions cannot stand. The required corroboration is that of ". . . facts and circumstances pointing to the guilt of the accused. . . ." State v. Armijo, supra.

Both the prosecutrix and the defendant testified that the defendant had approached her on a street in Gallup and asked her to come clean his trailer for him; that she agreed to do so; that the defendant took her to his trailer. There is evidence that the defendant threatened her with a knife and threatened to tear off her clothes unless she complied with his demands. Both the prosecutrix and defendant testified that later the defendant left the trailer with the prosecutrix, stopped at a store for change, took her home and gave her five dollars.

There is evidence that upon returning home the prosecutrix was crying and "something was bothering her;" that she reported the alleged occurrences to her sister within an hour or two after her return, and to the police shortly thereafter; that she was examined by a doctor that night who found she had had intercourse. There is evidence that the prosecutrix wrote down the license number of defendant's pick-up truck to give the number to the police and that she did so. An officer testi-

fied the prosecutrix had been crying, that her blouse was messed up and that she was shaking and quite disturbed. The items listed in this paragraph are facts and circumstances corroborating the prosecutrix' testimony. State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct.App.1970); State v. Armijo, supra.

*Evidence pointing to defendant's guilt.*

Defendant asserts the evidence does not point unerringly to his guilt. We disagree. The prosecutrix' testimony, which is not inherently improbable and which is corroborated by facts and circumstances, points unerringly to defendant and is sufficient evidence to sustain the conviction.

The judgment and sentences are affirmed.

It is so ordered.

HENDLEY, and HERNANDEZ, JJ., concur.