575 P.2d 104

**CITY OF FARMINGTON,
Plaintiff-Appellee,**

v.

**Eddie JOSEPH, Defendant-Appellant.**

**No. 3135.**

Court of Appeals of New Mexico.

Jan. 24, 1978.

Richard E. Ransom, P. A., Smith, Ransom & Gilstrap, Law Offices, Albuquerque, for defendant-appellant.

Dwight D. Arthur, City Atty., Farmington, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted by the Farmington municipal court of driving while under the influence of alcohol. He appealed to the district court where he was again found guilty. His appeal raises three issues: (1) time requirement for trial; (2) absence of advice to defendant concerning a chemical test; and (3) sufficiency of the evidence.

### Time Requirement for Trial

The charge in municipal court was filed April 30, 1976; the municipal court trial was on September 23 and October 1, 1976; the municipal court's "final order" was entered October 11, 1976. Defendant filed his appeal in the district court on October 21, 1976. The district judges for the Eleventh Judicial District either recused themselves or were disqualified by defendant. On April 11, 1977 the Supreme Court designated Judge Kaufman to try the case. District court trial was held June 10, 1977; the district court judgment was entered July 11, 1977. Notice of appeal was filed July 14, 1977. The transcript of the trial proceedings was filed in this Court on November 3, 1977; briefing was completed on December 15, 1977.

The Supreme Court adopted Municipal Court Rules effective October 1, 1976. These rules were in effect at the time the appeal to the district court was filed. Municipal Court Rule 39 provides in part:

(j) *Disposition—Time Limitations.* The district court shall try the appeal within six months after the filing of the notice of appeal. Any appeal pending in the district court six months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the municipal court for enforcement of its judgment.

(k) *Extension of Time.* The time limits specified in paragraph (j) of this rule may be extended one time for a period not exceeding ninety days upon a showing of good cause to a justice of the Supreme Court. The party seeking an extension of time beyond the six months appeal limit of paragraph (j) of this rule shall, within said six month period, file with the clerk of the Supreme Court a verified petition for extension concisely stating the facts petitioner deems to constitute good cause and forthwith serve a copy thereof on the opposing party. No other extension of time shall be allowed.

Trial was not held in the district court within six months after the filing of the notice of appeal. However, a ninety-day extension was sought from, and granted by, the Supreme Court on April 18, 1977. This was in accordance with Municipal Court Rule 39(k). The district court trial occurred within the time of the Supreme Court extension.

After the district court trial on June 10, 1977, the parties submitted requested findings of fact and conclusions of law. Defendant's requested findings and conclusions were filed July 8, 1977. Defendant requested the trial court to find that trial was not commenced within six months after the filing of the notice of appeal in accordance with *Rule of Crim.Proc. 37* and requested the trial court to conclude that the charge "must be" dismissed with prejudice. Defendant claims the trial court erred in refusing these requests. We disagree for three reasons.

▪ The first reason is that Rule of Crim.Proc. 37 is not applicable to appeals to the district court from municipal court. Municipal Court Rule 39(i) does state that the trial upon appeal shall be governed by the Rules of Criminal Procedure for the District Courts. However, Rule 37 of the Rules of Criminal Procedure does not refer to appeals from the municipal courts and does not place a time limit on the district court trial of the municipal court appeal. Compare *State v. DeBaca*, 90 N.M. 806, 568 P.2d 1252 (Ct.App.1977).

▪ The second reason is that if Rule of Crim.Proc. 37 should be applicable, then an extension of time was granted by the Supreme Court in accordance with Rule of Crim.Proc. 37(c).

▪ The third reason is that the time limitations, whether in Rule of Crim.Proc. 37(b) or Municipal Court Rule 39(j), place a time limitation upon the time of trial. Compare *Doe v. State*, 88 N.M. 644, 545 P.2d 1022 (Ct.App.1976). Defendant raised no issue concerning a time limitation prior to the trial in this case; not having done so prior to trial, he waived any issue concerning a time limitation. See *State v. Vigil*, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973); *Salazar v. State*, 85 N.M. 372, 512 P.2d 700 (Ct.App.1973).

*Absence of Advice to Defendant Concerning a Chemical Test*

Defendant was arrested at the scene of an automobile accident and taken to the police station. At the police station he was administered a breath test. Section 64–22–2.6, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2) authorizes "a chemical test or tests of his [a motor vehicle operator] breath or blood for the purpose of determining the alcoholic content of his blood . . . ." It is undisputed that defendant was advised that he could refuse the breath test and advised of the consequences of a refusal. See § 64–22–2.11, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2).

Paragraph (B) of § 64–22–2.9, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2) states that the person tested "shall be given an opportunity to arrange for a physician . . . of his own choosing to perform a chemical test in addition to any test performed at the direction of a law enforcement officer." Paragraph (E) of § 64–22–2.9, supra, makes clear that the additional test by a physician of defendant's choice is a statutory right. This appeal does not involve a request for an additional test which was refused. See *Application of Newbern*, 175 Cal.App.2d 862, 1 Cal.Rptr. 80 (1959); see *People v. Burton*, 13 Mich.App. 203, 163 N.W.2d 823 (1968).

▪ Defendant did not request an additional breath test. His claim is that none of the police officers advised him that he had a statutory right to an additional test and this lack of advice effectively denied him his statutory right. The consequence, according to defendant, is that the lack of advice denied defendant the right to an additional test which might have been exculpatory. Farmington's response is that this contention was decided adverse to defendant in *State v. Myers*, 88 N.M. 16, 536 P.2d 280 (Ct.App.1975). We agree with Farmington.

Defendant contended, in *State v. Myers*, supra, that he must be warned of his right to the additional test. The opinion points out that the statute does not expressly require a warning and there was no constitutional requirement that the statute be so construed. When the Legislature intended that defendant be advised, it so stated. Advice is required in § 64–22–2.11, supra;

none is required under § 64–22–2.9(B), supra. Compare *People v. Koval*, 371 Mich. 453, 124 N.W.2d 274 (1963) where the statute involved specifically required that the defendant be advised of his right to the test.

Neither § 64–22–2.9(B), supra, nor the Constitution require that defendant be told that he has the right to an additional test. *Commonwealth, Dept. of Transp. v. Gallagher*, 3 Pa.Cmwlth. 371, 283 A.2d 508 (1971). The failure of the Farmington police to advise defendant of his right to the additional test was not error.

*Sufficiency of the Evidence*

■ If by virtue of having consumed intoxicating liquor, a person's ability to handle his automobile with safety to himself and the public was lessened to the slightest degree, that person drove while under the influence of alcohol. *State v. Deming*, 66 N.M. 175, 344 P.2d 481, 77 A.L.R.2d 964 (1959); *State v. Myers*, supra; *State v. Dutchover*, 85 N.M. 72, 509 P.2d 264 (Ct. App.1973).

■ The evidence as to defendant driving under the influence of alcohol is severely conflicting. We review the evidence in the light most favorable to the judgment of conviction. *State v. Dutchover*, supra. The fact that the favorable evidence is contradicted does not render the favorable evidence unsubstantial. *State v. Truelock*, 70 N.M. 389, 374 P.2d 141 (1962). So long as there is substantial evidence supporting the judgment of the trial court, the judgment will not be reversed. *City of Roswell v. Mayer*, 78 N.M. 533, 433 P.2d 757 (1967).

Testimony as to the results of the breath test indicated that defendant was driving while under the influence of alcohol. The accuracy of the test results was attacked by the defense. The trial court ruled that evidence independent of the test results established defendant's guilt beyond a reasonable doubt. Accordingly, we do not consider the test results further.

The trial court ruled that the testimony of the arresting police officers, the defendant, and the showing of the video tape pictures of defendant established defendant's guilt beyond a reasonable doubt. The video tape has not been forwarded for review; we do not consider the video tape further.

At trial, defendant admitted to having consumed four beers on the evening in question. Defendant does not claim that beer was not intoxicating liquor. After the accident defendant remained inside his car. An officer smelled the odor of alcohol. Defendant appeared to be in a daze. When defendant got out of his car he "wasn't real steady on his feet, he swayed a little bit when he walked to the curb where I asked him to go. He was unbalanced, as far as his ability to walk." Defendant did not remain at the side of the road, he came out into the roadway several times. Each time the officer instructed defendant to go back to the side of the road. "[I]t got to the point where he was refusing to go back to the side of the road, and then I explained to him that if he didn't, he would be arrested for failing to obey an officer's orders . . . . ."

After finishing other duties, the officer gave defendant three sobriety tests, two of which he failed. Defendant was able to stand on one leg and pick up a set of keys from the ground. However, defendant swayed when asked to walk a straight line. "[H]e never did walk a straight line for me at the scene, he was doing the jig type of step." Defendant never did touch his index finger to the tip of his nose while his eyes were closed and his head tilted backward. At the accident scene defendant denied that he had been drinking. This officer gave his opinion that defendant was under the influence of alcohol. There was no objection to this opinion testimony. At the police station defendant stated, to no one in particular, " 'Hey, I'm drunk' " and " 'I'm drunk on my ass' ".

Another officer testified that, at the scene, defendant's speech was slurred and defendant had difficulty removing his driver's license from his wallet. On the basis of observations at the scene and his ten years

of experience as a police officer, the officer gave his opinion, without objection, that defendant was "very intoxicated."

A third officer, who had almost 16 years of experience as a Farmington police officer, observed defendant twenty minutes at the police station. This officer gave his opinion, without objection, that defendant was "drunk that night when I saw him at the jail."

Defendant asserts that the opinions of the officers failed to establish, beyond a reasonable doubt, that defendant was under the influence of alcohol. Defendant characterizes the officers' opinions as being "unfounded" and "uncorroborated".

The officers' opinions were based on their observations of defendant and their experience. When asked to do so, the officers gave reasons for their opinions that defendant was under the influence of alcohol. The officers' testimony cannot be considered as "unfounded" opinions. See *State v. Dutchover*, supra, and cases therein cited; see also Evidence Rules 701, 702 and 703.

There is no requirement in New Mexico law that the officers' testimony in this case be corroborated. Defendant cites no authority in support of this argument. See *State v. Borunda*, 83 N.M. 563, 494 P.2d 976 (Ct.App.1972); see also *State v. Boyd*, 84 N.M. 290, 502 P.2d 315 (Ct.App.1972), cert. denied, 411 U.S. 937, 93 S.Ct. 1916, 36 L.Ed.2d 398 (1973), reh. denied, 412 U.S. 924, 93 S.Ct. 2739, 37 L.Ed.2d 151 (1973). The testimony of the police officers is substantial evidence supporting the trial court's ruling that defendant was guilty.

The judgment and sentence of the district court are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.